UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Charles Hoefer and Hoefer Group, LLC,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>Josh Teigen, et al.,<br><br>                              Defendants. | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**<br><br>**Case No. 1:25-cv-00207** |

[¶1]    Charles Hoefer and Hoefer Group, LLC (collectively, "Plaintiffs") filed a response ("Response") to the motion to dismiss brought by Josh Teigen, Shayden Akason, Richard Garman, David Lehman, and James Albrecht (collectively, "Defendants"). Plaintiffs failed to demonstrate that their claims should survive a motion to dismiss for failure to state a claim and qualified immunity. Defendants request this Court dismiss all claims in the Plaintiffs' complaint ("Complaint") with prejudice.

## LAW AND ARGUMENT

### I.    Plaintiffs Complaint requires dismissal under *Iqbal* and *Twombly* and Defendants are entitled to Qualified Immunity.

[¶2]    In a general section of law, Plaintiffs assert that the Complaint is sufficient under Rule 8(a)(2). Doc. No. 18 at ¶¶ 8-10. They cite to federal authority but offer no analysis as to why their pleadings are sufficient under that authority. *Id.* Throughout the Response, Plaintiffs refer back to this general section and throughout offer no analysis why the Complaint is sufficient under *Iqbal* and *Twombly*. Due to this lack of analysis, Plaintiffs failed to meet their pleading burden, and the Court must grant Defendants' motion to dismiss under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6).

[¶3]    Plaintiffs also argue Defendants are not entitled to qualified immunity because "it is clearly established in the law, that officials cannot use the punitive machinery of government to retaliate" against speech. *Id.* at ¶ 17. According to Plaintiffs, Defendant's "violations were obvious," and Defendants are sophisticated, "savvy" individuals. *Id.* at ¶¶ 18-19. Further, Plaintiffs assert that Defendants had time to "contemplate" their actions, therefore, it was obvious they were violating

"clearly established law". *Id*. at ¶¶ 20-21. These assertions have nothing to do with the standard for overcoming qualified immunity. Once a defendant claims qualified immunity, a plaintiff is burdened with demonstrating that: "(1) the facts, viewed in the light most favorable to the plaintiffs, demonstrate the deprivation of a constitutional . . . right; and (2) the right was clearly established at the time of the deprivation." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (citation modified). Plaintiffs fail to argue, or even mention, "particularized" facts, that each Defendant based on his own actions, violated Plaintiffs' clearly established federally protected rights. *White v. Pauly*, 580 U.S. 73, 79 (2017).

[¶4]    While Plaintiffs dispute they have failed to sufficiently identify the specific conduct of each individual Defendant, and demonstrate that each Defendants' personal conduct violated a clearly established constitutional right, Plaintiffs continue to lump the Defendants together in the collective and refer generally back to the Complaint without specifying the conduct. *See e.g.* Doc. No. 18 at ¶ 25 ("As each Defendant learned that Plaintiffs knew about and were reporting serious federal crimes which tied to top public officials and linked to several Defendants (detailed above), Defendants engaged in a conspiratorial campaign of overt criminal acts against the Plaintiffs (detailed above and throughout the Complaint), where each Defendant deprived the Plaintiffs' federal rights repeatedly."). Plaintiffs' arguments are circular and do nothing to defeat qualified immunity. For instance, Plaintiffs state under their Equal Protection Class of One claim that "[e]very other recipient got generous and gracious treatment by Defendants and the State authorities Defendants staff and control, and even loan forgiveness in some instance," citing to the Complaint at paragraphs 116-122. Doc. No. 18 at ¶ 29. However, paragraphs 116-122 do not identify a single specific act taken by any individual Defendant. Rather, it broadly states the Defendants have written off funds for other entities (at ¶ 119), and in retaliation for Plaintiffs' factory clean up of records the Defendants concealed, Defendants misused their authority to terrorize and silence Plaintiffs (at ¶ 122). The obvious questions still remain, who allegedly did what, how, and when? Such assertions do not identify that any of the individual Defendants engaged in any conduct, or committed any acts, that would clearly establish each individual

2

Defendant violated the Plaintiffs' constitutional rights. Because liability of the Defendants is personal under Section 1983, "a causal link to, and direct responsibility for, the deprivation of rights" is required. *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). A defendant "cannot be held liable under Section 1983 for the wrongdoing of others." *Beard v. Falkenrath*, 97 F.4th 1109, 1122 (8th Cir. 2024). Plaintiffs offer no specific factual assertions as to the specific acts committed by any individual Defendant sufficient to defeat their entitlement to qualified immunity on each count.

[¶5]    What's more, Plaintiffs confuse identifying specific acts with merely offering circular and conclusory labels of conduct: "Defendants sought to put Plaintiffs out of business in retaliation for Plaintiffs' exercise of their First Amendment rights and Plaintiffs' reporting of matters of grave public concern and apparent public corruption. Plaintiffs have been subject to repeated spiteful and arbitrary treatment . . . ." Doc. No. 18 at ¶ 31. Labeling generic assertions of conduct as "spiteful" or "arbitrary" moves the needle no closer to overcoming each individual Defendant's entitlement to qualified immunity. Further, Plaintiffs failed to identify any cases wherein it has been held that the proffered conduct each individual Defendant is alleged to have engaged in, was held to have violated the contours of any of the various constitutional rights Plaintiffs allege were violated, so as to put the statutory or constitutional question beyond debate to overcome the Defendants' entitlement to qualified immunity. *White*, 580 U.S. at 78-79.

**II.    The Court must dismiss Count I Plaintiff' Equal Protection "class of one" claim.**

[¶6]    Plaintiffs assert their class of one claim should survive a motion to dismiss because they are members of a narrow class of entities which do business with the State and that Defendants treated Plaintiffs worse than the members of that class. Doc. No. 18 at ¶¶ 28-29. The majority of Plaintiffs' argument in response to the Defendants' Motion to Dismiss focuses on defining their class and does not rebut the arguments raised by the Defendants: Plaintiffs' allegations fail to specifically identify a comparator and the specific actions attributable to each Defendant wherein the Defendant himself, through his own specific actions, violated Plaintiffs' constitutional rights.

[¶7]    As discussed in Defendants' principal brief, Plaintiffs' allegations in the Complaint are not

sufficient under Rule 8(a)(2). Plaintiffs' assertion in their Brief that they are part of a narrow class—entities and persons who do business with the State or Department of Commerce— does not resurrect Count I. Doc. No. 18 at ¶ 27. The Complaint ambiguously and without allegations of fact states that Plaintiffs were similarly situated to North Dakotans who do "business with ND Commerce and NDDF . . . ." Doc. No. 1 at ¶ 973. The same can be said for the Plaintiffs' allegation that the other members of their class were treated differently. Doc. No. 1 at ¶ 974. These allegations are insufficient to establish the necessary elements for a class-of-one claim. Nowhere do they identify particular persons or entities who could serve as comparators. *Sanimax USA, LLC v. City of S. St. Paul*, 95 F.4th 551, 564 (8th Cir. 2024). Finally, a class-of-one claim is inappropriate in such circumstances. *See Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 605 (2008); *Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 897-98 (7th Cir. 2012).

[¶8]　　The Court must dismiss under qualified immunity. "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Lassiter v. Alabama A & M Univ.*, 28 F.3d 1146, 1150 (11th Cir. 1994) (internal citations omitted). Nowhere do Plaintiffs identify case law similar to these unique circumstances that would have put a reasonable public official on notice that they were violating the Equal Protection Clause. Plaintiffs attempt to accomplish this by referring to a general section on qualified immunity in their Response. Doc. No. 18 at ¶ 33 (hereafter "Section II"). But not a single case in Section II refers to a class-of-one claim, nor do any cases put the Defendants on notice that the individual acts of each Defendant (which in the Complaint is conclusory) would have violated Plaintiffs' constitutional rights under the Equal Protection Clause. Doc No. 18 at ¶¶ 11-22.

### III.　　This Court must dismiss Count II.

[¶9]　　Plaintiffs argue Count II should not be dismissed because they were borrowers and recipients of a State largesse, and according to Plaintiffs, in no way did their relationship with Defendants restrict their free speech rights and their speech was a matter of public concern. Doc. No. 18 at ¶¶ 35-36. As argued in Defendants' principal brief, Plaintiffs failed to meet the pleading standard. Again, Plaintiffs must sufficiently plead that: "(1) [they] engaged in expressive conduct that addressed a matter of

public concern; (2) the government officials took an adverse action against it; and (3) its expressive conduct was a substantial or motivating factor for the adverse action." *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004). There are no factual allegations in the Complaint regarding the specific speech, the circumstances of the speech, its purpose, to whom it was made and for what purpose and who was aware of the content of the speech. Count II must be dismissed for failure to state a claim.

[¶10]   Plaintiffs attempt to defeat qualified immunity by again referring to Section II and citing to *McNeally v. HomeTown Bank*. 155 F.4th 1000 (8th Cir. 2025). Doc. No. 18 at ¶ 39. Section II again does not contain any cases on point. While Plaintiffs generally cite to a few cases in Section II, which may contain some analysis on First Amendment retaliation claims, Plaintiffs' fail to articulate how any of those cases overcome qualified immunity, i.e. that they contain facts particularized to this case to clearly establish a constitutional right. Doc. No. 18 at ¶¶ 14-16.

[¶11]   The one case they do specifically cite, *McNeally*, is factually distinct and does not overcome the individual Defendants' entitlement to qualified immunity. *McNeally* recognizes that it is clearly established that "a government official may not retaliate against a citizen for the exercise of her First Amendment Rights" nor engage in a conspiracy to do so. 155 F.4th at 1008. However, *McNeally*'s application ends there. It is the specific factual conduct that matters when evaluating whether a government official has acted under similar circumstances and was held to have violated the constitution. *White*, 580 U.S. at 79. *McNeally* concerned a ban of a bank employee that operated on school grounds because the bank employee opposed masking requirements. *McNeally*, at 1008. No similar facts, let alone factual allegations, appear here.

[¶12]   Last, Plaintiffs again fail to identify any specific factual allegations against any individual Defendant to impute personal liability under Section 1983, instead pointing the Court generally to the Complaint and then paragraphs 1017 through 1042 for "a concise summary". A review of the cited paragraphs yields a complete dearth of specific factual allegations as to the specific conduct or acts of each individual Defendant that would violate Plaintiffs' constitutional rights. Defendants are entitled to qualified immunity regarding Plaintiffs' First Amendment claims under the First

and Fourteenth Amendments.

**IV.     This Court must dismiss Count III.**

[¶13]   Plaintiffs ask the Court to find: (1) Plaintiffs are a member of a protected class under 18 U.S.C. §§ 1512–1513 and Defendants deprived their Equal protection rights as members of that class under section 1983; and (2) that the language of 18 U.S.C. § 1513(e) protects members of Plaintiffs' class against "retaliatory interference in their livelihood owing to the protected speech." Doc. No. 18 at ¶¶ 41-42.   Plaintiffs ask the Court to adopt a novel legal theory and find that Plaintiffs may pursue a cause of action to enforce its rights under 18 U.S.C. §§ 1512-1513 through Section 1983. Doc. No. 18 at ¶¶ 43-44. But the Court need not reach such a determination because the Defendants would be entitled to qualified immunity. Plaintiffs admit that this is a "novel theory as to which there is no Eight [sic.] Circuit precedent on this topic." Doc. No. 18 at ¶ 43. Under Plaintiffs own admission, they cannot overcome qualified immunity because there is not a clearly established statutory or constitutional right of which a reasonable person, including the Defendants, would have known. *See White*, 580 U.S. at 79 (Plaintiffs can only overcome qualified immunity where ***existing precedent*** placed the "constitutional question beyond debate.") (emphasis added).

**V.     This Court must dismiss Count IV.**

[¶14]   Plaintiffs argue that dismissal is inappropriate because they had no procedural means to obtain a remedy for the wrongdoings they suffered by Defendants. Doc. No. 18 at ¶¶ 50-52. In the Complaint, Plaintiffs claim, in a conclusory fashion, that their due process rights were deprived because of actions that amount to defamation and financial harm. Doc. No. 1 at ¶¶ 1104-1132. They do not claim a loss of a legitimate entitlement to any property that was taken pursuant to constitutionally inadequate process. *Id*. Property protected by the due process clause only includes those interests for which one has a prior legitimate legal entitlement. *The Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 570 (1972). Reputational interests in one's good name alone are not sufficient to state a liberty interest. *Hinkle v. White*, 793 F.3d 764, 770 (7th Cir. 2015) (internal citations omitted). Available post deprivation remedies include remedies available under state tort law, and

6

such process must be followed to conclusion before attacking them in court. *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1019 (8th Cir. 2000). Plaintiffs cannot state a claim because they have not availed themselves of available state remedies. And most importantly, procedural due process claims cannot proceed against individual Defendants because it is only the governmental entity that can provide the necessary process making Plaintiffs claims against the Defendants futile. *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).

[¶15]   Finally, Plaintiffs attempt to overcome qualified immunity by again referring to Section II. Doc. No. 18 at ¶ 55. No Section II case refers to a procedural due process claim at all. Doc. No. 18 at ¶¶ 11-22. Plaintiffs fail to identify even one case wherein a government official engaging in similar conduct as that alleged here violates an individual's due process rights. For instance, Plaintiffs provide no case where a government official subjected a plaintiff to an ongoing audit, made public accusations related to misuse of funds, or acted in a manner that negatively impacted third party business relationships financially or through reputational harm and where that conduct was held to violate procedural due process rights by individual defendants. Moreover, Plaintiffs fail to point to a case holding that interference with third party business relationships constitutes a property interest protected by the due process clause, which is necessary to overcome a defendant's qualified immunity. *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 983-84 (9th Cir. 1998). Defendants are entitled to qualified immunity and dismissal of this claim.

## VI.     This Court must dismiss Count V.

[¶16]   Defendants argue their substantive due process claim should survive because Plaintiffs' actions were "deliberate" and "should shock the conscience of this Court." Doc. No. 18 at ¶ 58. Plaintiffs have again failed to meet their burden on the pleadings. "Substantive due process is generally limited to matters relating to a fundamental right, *i.e.*, marriage, family, procreation, right to bodily integrity." *Peterson v. N.D. ex rel. N.D. Univ. Sys.*, 240 F. Supp. 2d 1055, 1062 (D.N.D. 2003). Freedom from defamation or reputational harm alone is outside the protections afforded by substantive due process. *Paul v. Davis*, 424 U.S. 693, 713 (1976). To successfully state a substantive due process claim, a plaintiff must do more than allege behavior that shocks the

conscience, but in addition the acts must result in a deprivation of a life, liberty, or property interest recognized as being protected by the due process clause. *Tobin v. Badamo,* No. 3:00CV783, 2000 WL 1880262, at *4 (M.D.Pa. Dec. 20, 2000). Plaintiffs offer nothing more than conclusory assertions in both the Complaint and in their Response. This is fatal to Count V. With respect to qualified immunity, *see* Doc. No. 18 at ¶ 59, not a single case in Section II refers to a substantive due process claim nor do Plaintiffs present any argument to undercut Defendants entitlement to qualified immunity.

## VII.    This Court must dismiss Count VI.

[¶17]    In their Response, Plaintiffs argue Count VI should not be dismissed because 18 U.S.C. §§ 1595 and 1589 are broad in application and can be used in any context. Doc. No. 18 at ¶¶ 61-66. Even if these sections could apply to an arms length financial transaction, which they do not, the Court must still dismiss Count VI because Plaintiffs have failed to satisfy the Rule 8(a)(2) pleading standard. Plaintiffs argue that their pleadings were sufficient because they identified how Defendants compelled Plaintiffs to provide 1,600 hours of uncompensated labor and characterizes decisions made by the NDDF to release or not release funds to Plaintiffs. Doc. No. 18 at ¶ 66. Plaintiffs continue to overlook though that there are no <u>factually specific</u> allegations in the Complaint that Plaintiffs ever worked or were employed by any of the individual Defendants or that any of the individual Defendants profited or benefitted as a result of the labor. The Court must dismiss Count VI.

## VIII.    This Court must dismiss Count VII.

[¶18]    Defendants argued in their principal brief that Plaintiffs failed to satisfy the pleading standard in the Complaint to support their takings and search and seizure claims. Doc. No. 13 at ¶¶ 62-73. Plaintiffs do not address this point at all in their Response and do not sufficiently articulate an argument as to why this claim should not be dismissed. Doc. No. 18 at ¶¶ 69-70. Nor do Plaintiffs respond to the case law that Defendants provided, which demonstrates that Plaintiffs failed to demonstrate the merits of takings and search and seizure claims. Doc. No. 13 at ¶¶ 62-72. The case law plainly supports Defendants' position that when a taking is effected, the government

8

is liable, not the individual. *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1362 (Fed. Cir. 2005). Plaintiffs offer no legal basis to contradict Defendants' position and fail to offer any authority wherein a Section 1983 claim against individual government actors is sustained under a takings analysis. *See Hinkle Fam. Fun Ctr., LLC v. Grisham,* 586 F. Supp. 3d 1118, 1130 (D.N.M. 2022), aff'd, No. 22-2028, 2022 WL 17972138 (10th Cir. Dec. 28, 2022); *see also Vicory v. Walton,* 730 F.2d 466, 467 (6th Cir. 1984).

[¶19]   Plaintiffs state that Defendants are not the government but act under its authority— this is an apparent attempt to avoid their mistake of not naming the State as a defendant under their takings claim as discussed in Defendants' principal brief. *See* Doc. No. 13 at ¶ 62. Then, Plaintiffs state they "believe that discovery" will demonstrate their case. Doc. No. 18 at ¶ 70. Yet due to their insufficient pleadings, discovery is out of the question. *See Iqbal*, 556 U.S. at 678–79 (A plaintiff may not obtain discovery if his complaint contains mere conclusions); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (The fact that a plaintiff may develop more in discovery is no defense to insufficient pleadings.). *Pearson v. Callahan*, 555 U.S. at 231 (noting that qualified immunity defenses should be addressed "prior to discovery").

[¶20]   Finally, Plaintiffs fail to identify any established body of law that would overcome the individual Defendants' entitlement to qualified immunity. Doc. No. 18 at ¶ 71. Within Section II is a passing reference to *Anderson v. Creighton*, 483 U.S. 635, 640 (1987), a case which addresses qualified immunity under the Fourth Amendment, but is factually distinct from this case. In *Anderson*, the Supreme Court of the United States, addressing a warrantless search and exigent circumstances, reaffirmed the principles of qualified immunity that require that a clearly established right goes beyond a general assertion the right exists. *Id.* at 640. *Anderson* supports Defendants position. In short, Plaintiffs fail to identify the particularized conduct of each Defendant and demonstrate that the rights were clearly established through a body of law that would have put Defendants on notice of the same.

## IX.    This Court must dismiss Count VIII.

[¶21]   Plaintiffs argue that Count VIII should not be dismissed because their Complaint "is replete

with detail regarding each Defendant's [sic.] actions and activities . . ." and, consequently, meets this pleading standard. Doc. No. 18 at ¶¶ 73-74. This argument is deficient. "[B]are allegation that a defendant conspired with other defendants" does not satisfy the notice requirements of Fed. R. Civ. P. 8(a)(2). *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). "[N]otice implies some minimum description of the defendant's complained-of conduct." *Id*. Plaintiffs offer examples of their allegations which they think satisfy this standard. *See* Doc. No. 18 at ¶ 74. Looking at the assertions featured in paragraph seventy-four of the Response, they offer no more than conclusory allegations which do not satisfy Rule 8(a)(2). Doc. No. 18 at ¶ 74. This Court should give short shrift to the notion that broad general statements that do little to identify the actual acts taken or words said attributable to each Defendant satisfy pleading standards for a claim of conspiracy.

[¶22]    Further, Plaintiffs admit that they failed to allege that a "meeting of the minds" occurred. Doc. No. 18 at ¶ 75. This is fatal to Count VIII. *See Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) (*quoting Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983)) (To survive a motion to dismiss, a plaintiff's "allegations of a conspiracy ***must be*** pleaded with sufficient specificity and factual support to suggest a 'meeting of the minds.'") (emphasis added).

[¶23]    Importantly, Plaintiffs fail to overcome qualified immunity. Again, there is a lack of specific conduct attributed to each individual Defendant to demonstrate that each Defendant's personal acts or conduct violated a constitutional right and a lack of any body of case law establishing the rights complained of were clearly established with particularized facts applicable to this case. Therefore, Defendants are entitled to qualified immunity. *See Frasier v. Evans*, 992 F.3d 1003, 1024 (10th Cir. 2021).

## CONCLUSION

[¶24]    Defendants are entitled to dismissal of the Complaint with prejudice because it fails to state a claim for which relief can be granted against the individual Defendants, and Defendants are entitled to qualified immunity. Defendants respectfully request the Court grant its Motion to Dismiss.

Dated this 6th day of March, 2026.

State of North Dakota
Drew H. Wrigley
Attorney General

By:    /s/ Courtney R. Titus
        Courtney R. Titus
        Assistant Attorney General
        State Bar ID No. 08810
        Office of Attorney General
        Email ctitus@nd.gov

By:    /s/ Austin H. Artz
        Austin H. Artz
        Assistant Attorney General
        State Bar ID No. 09708
        Office of Attorney General
        500 North 9th Street
        Bismarck, ND 58501-4509
        Telephone (701) 328-3640
        Facsimile (701) 328-4300
        Email aartz@nd.gov

*Attorneys for Defendants.*